**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, *et al.*, <br><br> Defendants, <br><br> AMERICAN FARM BUREAU FEDERATION, *et al.*, <br><br> Intervenor-Defendants. | Case No. 2:19-cv-03006-DCN |

**JOINT STATUS REPORT AND MOTION TO GOVERN FURTHER PROCEEDINGS**

The parties file this Joint Status Report and Motion to Govern Further Proceedings pursuant to the Court's September 4, 2020 Order holding this case in abeyance for an additional 60 days and directing the parties to file a proposal to govern further proceedings at the conclusion of the abeyance period. ECF No. 57. The parties have conferred and jointly request that the Court continue the abeyance for an additional 60 days, after which the parties will submit a proposal to govern further proceedings.

In support, the parties state as follows:

1.     Plaintiffs South Carolina Coastal Conservation League, et al., challenge a regulation that (1) repealed the "Clean Water Rule"—a 2015 rule defining "waters of the United States" under the Clean Water Act—and (2) recodified the prior regulatory definition of "waters

of the United States." <u>See</u> ECF No. 1 ¶ 1 (challenging Final Rule, Definition of "Waters of the

United States"—Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019)

("Repeal Rule")).

2.      On January 17, 2020, Defendants moved to dismiss the complaint for lack of

subject matter jurisdiction. <u>See</u> ECF No. 28.

3.      On January 23, 2020, the Administrator of EPA and the Assistant Secretary of the

Army for Civil Works signed a final rule entitled "Navigable Waters Protection Rule: Definition

of 'Waters of the United States.'" This rule defines "waters of the United States" under the Clean

Water Act and replaced the definition promulgated in the Repeal Rule, which is the subject of

this litigation. The "Navigable Waters Protection Rule" was published in the Federal Register on

April 21, 2020, <u>see</u> 85 Fed. Reg. 22,250 (Apr. 21, 2020), and went into effect on June 22, 2020.

4.      There have been several challenges to the "Navigable Waters Protection Rule"

filed to date, including one before this Court wherein dispositive briefing is now complete and

oral argument on the dispositive motions has been scheduled. <u>See</u> <u>S.C. Coastal Conservation</u>

<u>League v. Wheeler</u>, No. 2:20-cv-01687-DCN, ECF No. 1 (D.S.C. Apr. 29, 2020).[1]

5.      Abeyance remains appropriate considering the Court's May 29, 2020 and

September 4, 2020 Orders, the publication of the replacement definition of "waters of the United

_____

[1] <u>See also</u> <u>Conservation Law Found. v. EPA</u>, No. 1:20-cv-10820-DPW, ECF No. 1 (D. Mass.
Apr. 29, 2020); <u>California v. Wheeler</u>, No. 3:20-cv-03005-RS, ECF No. 1 (N.D. Cal. May 1,
2020); <u>Chesapeake Bay Found., Inc. v. Wheeler</u>, 1:20-cv-01064-RDB, ECF No. 1 (D. Md. Apr.
27, 2020); <u>N.M. Cattle Growers' Ass'n v. EPA</u>, 1:19-cv-00988-JHR-SCY, ECF No. 26 (D.N.M.
Apr. 27, 2020); <u>Or. Cattlemen's Ass'n v. EPA</u>, 3:19-cv-00564-MM, ECF No. 90 (D. Or. May 1,
2020); <u>Wash. Cattlemen's Ass'n v. EPA</u>, 2:19-cv-00569-JCC, ECF No. 72 (W.D. Wash. May 4,
2020); <u>Murray v. Wheeler</u>, 1:19-cv-01498-LEK, ECF No. 17 (N.D.N.Y. May 11, 2020);
<u>Colorado v. EPA</u>, 1:20-cv-01461-WJM, ECF No. 1 (D. Colo. May 22, 2020); <u>Pasqua Yaqui</u>
<u>Tribe v. EPA</u>, 4:20-cv-00266-RM, ECF No. 1 (D. Ariz. June 22, 2020); <u>Navajo Nation v.</u>
<u>Wheeler</u>, 2:20-cv-00602-MV-GJF, ECF No. 1 (D.N.M. June 22, 2020); <u>Puget Soundkeeper All.</u>
<u>v. EPA</u>, 2:20-cv-00950-JCC, ECF No. 1 (W.D. Wash. June 22, 2020); <u>Env't Integrity Project v.</u>
<u>EPA</u>, 1:20-cv-01734-KBJ, ECF No. 1 (D.D.C. June 25, 2020).

States," and argument on dispositive motions scheduled in a separate challenge to the "Navigable

Waters Protection Rule" before this Court. The new rule and disposition of challenges thereto

may affect the issues and arguments at play in this litigation and other related legal challenges

regarding the regulatory definition of "waters of the United States."

Accordingly, the parties respectfully request that the Court hold this case in abeyance for

an additional 60 days, up to and including January 2, 2021.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**FOR PLAINTIFFS:**

s/ Frank S. Holleman III
Frank S. Holleman III
D.S.C. Bar No. 1911
Kelly F. Moser*
Geoffrey R. Gisler*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
fholleman@selcnc.org
kmoser@selcnc.org
ggisler@selcnc.org

Mark Sabath*
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
Telephone: (434) 977-4090
Facsimile: (434) 977-1493
msabath@selcva.org

**FOR DEFENDANTS:**

PETER M. MCCOY, JR.
*United States Attorney*
District of South Carolina

s/ Lee Berlinsky
Lee Berlinsky
Fed. ID# 05443
*Assistant United States Attorney*
151 Meeting Street, Suite 200
Charleston, SC 29401
Telephone: (843) 266-1679
Lee.Berlinsky@usdoj.gov

*Pro hac vice*

**FOR INTERVENOR-DEFENDANTS:**

s/ W. Thomas Lavender, Jr.
W. Thomas Lavender, Jr.
Joan Wash Hartley
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
(803) 253-8233
TLavender@nexsenpruet.com
jhartley@nexsenpruet.com

Timothy S. Bishop*
Colleen M. Campbell*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
tbishop@mayerbrown.com
ccampbell@mayerbrown.com

Brett E. Legner*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
blegner@mayerbrown.com